UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NILIAJA NURI, as mother and natural guardian
of FATEMAH CALLANDS and JEROME
CALLANDS and VANIAJA NURI, infants under
the age of 14 years, et al.,

                        Plaintiffs,

      -against-

THE COUNTY OF WESTCHESTER, THE
WESTCHESTER COUNTY DEPARTMENT OF
SOCIAL SERVICES, their Agents, Servants,
Employees and Assigns,

                        Defendants.
----------------------------------------------------------------X

**MEMORANDUM DECISION
AND ORDER**

05 Civ. 2346 (GAY)

      Plaintiffs Fatemah Callands, Jerome Callands and Vaniaja Nuri by their mother, Niliaja Nuri, along with Justine Conde and Anthony Prince by their mother, Gladys Ortiz, as well as Niliaja Nuri and Gladys Ortiz individually (collectively "plaintiffs"), commenced this action against the County of Westchester ("the County") and its Department of Social Services ("DSS") asserting federal constitutional and state law violations. This case arose out of DSS's removal of the plaintiff children from their mothers' custody and its subsequent placement of the children in the foster home of Deborah Brown. The Brown home was closed as a foster home after Raheem Brown, the natural son of the foster mother, confessed to having abused several of the plaintiff children while they resided in the foster home. Plaintiffs assert, pursuant to 42 U.S.C. § 1983, that defendants were deliberately indifferent to the type of care that children received in foster homes. Plaintiffs also allege pendant state law claims for negligence, intentional

and negligent infliction of emotional distress and violations of New York State Social Services Law and the New York State Constitution.  Presently before this Court is defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP").[1]  For the reasons set forth below, defendant's motion is granted.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FRCP 56(c).  Specifically, the party seeking summary judgment has the burden of demonstrating that no genuine issue respecting any material fact exists.  LaFond v. General Physics Servs. Corp., 50 F.3d 165, 171 (2d Cir. 1995).  "[T]he movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim."  Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995).  If the moving party meets its burden, the burden shifts to the opposing party to come forward with "specific facts showing that there is a genuine issue for trial."  FRCP 56(e).

When deciding a summary judgment motion, the court must "'resolve all ambiguities and inferences . . . in the light most favorable to the party opposing the motion.'"  Neratko v. Frank, 31 F. Supp. 2d 270, 278 (W.D.N.Y. 1998) (quoting Shockley v. Vermont State Colleges, 793 F.2d 478, 481 (2d Cir. 1986)).  The question is whether, in light of the evidence, a rational jury could find in favor of the nonmoving party. Gallo

---

[1] This action is before me for all purposes on the consent of the parties, pursuant to 28 U.S.C. §636(c).

v. Prudential Residential Servs., Ltd. Partnership, 22 F.3d 1219, 1224 (2d Cir. 1994). Summary judgment must be denied, therefore, if the court finds "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986).

As a threshold matter, the Court notes that plaintiffs did not sue individuals but rather only sued municipal defendants; although DSS is a named defendant, the County is the only appropriate municipal defendant.  Pursuant to Rule 17(b) of the Federal Rules of Civil Procedure, New York law governs the capacity of the DSS to sue or to be sued.  Under New York law, a department such as DSS is merely a subdivision of the municipality and is not a separate legal entity.  In other words, municipal departments like DSS are not amenable to suit.  See, e.g., Fanelli v. Town of Harrison, 46 F. Supp.2d 254, 257 (S.D.N.Y. 1999); Umhey v. County of Orange, 957 F. Supp. 525, 530-31 (S.D.N.Y. 1997).  Accordingly, all claims against the Westchester County Department of Social Services are dismissed.

In order to succeed on their § 1983 claims against the County, plaintiffs must demonstrate that the County violated their constitutional rights in pursuit of a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690. Moreover, "local governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's decision making channels." Id. at 691.  Failure to train is actionable as a municipal policy only if "the need for more or different training is so

obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." City of Canton v. Harris, 489 U.S. 378, 390 (1989). However, "[t]he mere allegation that the municipality failed to train its employees properly is insufficient to establish a municipal custom or policy." Neighbour v. Covert, 68 F.3d 1508, 1512 (2d Cir.1995). Further, "a single incident in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy. Ricciuti v. New York City Transit Auth., 941 F.2d 119, 123 (2d Cir.1991).

Here, plaintiffs allege that the County was deliberately indifferent because it had a practice of failing to investigate prospective foster families adequately, failing to supervise foster children adequately and failing to protect foster children from harm. Plaintiffs further allege that the County failed to train their employees regarding the investigation and licensing or certification of prospective foster families, the selection of foster families for particular foster children, the supervision of foster children in foster homes and the protection of foster children from abuse. Plaintiffs' conclusory allegations are insufficient to survive summary judgment. Upon thorough review, the Court concludes that the record is devoid of evidence necessary to create an issue of fact that a municipal policy or custom led to the alleged violations of plaintiffs' constitutional rights. Indeed, plaintiffs offer no opposition to the instant motion with respect to the Monell claim. Accordingly, defendant's motion for summary judgment with respect to plaintiffs' federal constitutional claims against the County is granted. Further, having dismissed the underlying federal claims, the Court declines to exercise jurisdiction over the pendent State law claims. See United Mine Workers of America v.

4

Gibbs, 383 U.S. 715, 726 (1996) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). Accordingly, the remaining state law claims are dismissed.

The Clerk of the Court is directed to enter judgment in favor of defendants and to dismiss the complaint in its entirety.

Dated: April 25, 2007
White Plains, New York

**SO ORDERED:**

_____
GEORGE A. YANTHIS, U.S.M.J.

5